JOHN T. CASEY, SR., Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant.—Judgment unanimously reversed on the law without costs, and judgment granted, in accordance with the following Memorandum: Supreme Court erred in denying General Accident Insurance Company (General Accident) summary judgment. General Accident issued a homeowner's insurance policy to plaintiff. It contained specific exclusions for loss caused directly or indirectly from surface water. On April 11, 1990 plaintiff made a claim under that policy for water damage sustained at his premises. After investigating the claim, General Accident issued a written denial.

The facts are not in dispute. Plaintiff's complaint alleges that "during a heavy rainstorm, the rain from [the roof of plaintiff's home] collected outside the door of the basement area, entered his basement sitting area due to the failure of the rain gutter and drainage system installed at the premises and damaged certain personal property situated therein". On its motion for summary judgment, defendant argued, *inter alia,* that the loss fell under the surface water exclusion contained in the policy. In response to defendant's motion,

plaintiff asserted that none of the exclusions contained in the policy was applicable to the facts in this case. Supreme Court concluded that "the water in question cannot be characterized as surface water within the meaning of this policy" and that none of the other exclusions contained in the policy was applicable.

It is the court's obligation to determine the rights or obligations of parties under insurance contracts based on the specific language of the policies (see, State of New York v Home Indem. Co., 66 NY2d 669, 671). Where a question arises as to the meaning of a particular provision, or the provision is susceptible to more than one reasonable interpretation, all ambiguities must be resolved in favor of the insured (see, Breed v Insurance Co., 46 NY2d 351, 353, rearg denied 46 NY2d 940). Nevertheless, "[a] court may neither make nor vary an insurance contract by extending coverage beyond the fair intent and meaning of the agreement, and the liability of the insurer cannot be enlarged by implication beyond the express terms of the contract" (Moshiko, Inc. v Seiger & Smith, 137 AD2d 170, 175, affd for reasons stated 72 NY2d 945).

Here, the policy defines "Water Damage" as "flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind". Thus, it is apparent that all of the terms utilized in this exclusionary clause relate to natural phenomena. The parties agree that the water which ultimately entered plaintiff's home originated as natural precipitation in the form of a heavy rainstorm. Plaintiff concedes that after falling from the sky, the water "accumulated at the lowest point in his backyard". Thus, the definition of surface water as "the accumulation of natural precipitation on the land and its passage thereafter over the land until it either evaporates, is absorbed by the land or reaches stream channels" (Drogen Wholesale Elec. Supply v State of New York, 27 AD2d 763), has been met. The fact that other factors, such as a clogged drain and a sloped roof, may have contributed to the loss is of no consequence under the language of the policy. While the clogged drain certainly contributed to the loss, the actual cause of the loss was the presence of surface water. Since the policy expressly excluded any loss "caused directly or indirectly" by surface water "regardless of any other cause or event contributing concurrently or in any sequence to the loss", we grant judgment declaring that the exclusion is applicable as a matter of law. (Appeal from Judgment of Supreme Court, Rensselaer County,

Travers, J.—Declaratory Judgment.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.