█ In the Matter of MARK SCHATTINGER, Respondent, v MARTHA SCHATTINGER, Appellant. [683 NYS2d 454] —Order unanimously reversed on the law without costs, petition dismissed and matter remitted to Cayuga County Family Court for further proceedings on the cross petition. Memorandum: The parties were married in 1992 and have a child, who was born in April 1993. Since separating in August 1994, the parties have had joint custody of the child, who has lived with respondent mother subject to petitioner father's visitation. That custody arrangement was continued when the parties divorced in May 1996, subject to a July 1995 consent order "that the physical residency of the minor child is without prejudice to the parties in future proceedings involving the minor child, particularly as to modification of this matter prior to the child's attendance in school". In December 1996 the father filed this petition seeking modification of the existing custody arrangement to give him physical residency of the child.

Family Court erred in determining that the proceeding was controlled by the parties' agreement and that the father need not prove a change in circumstances. A similar agreement was approved in *Matter of Studenroth v Phillips* (230 AD2d 247, 249-250), but there the child was represented by a Law Guardian when the agreement was reached and the agreement covered only a six-month period.

Because there was no "showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773; *see also, Matter of Hilliard v Peroni*, 245 AD2d 1107, 1108; *Matter of Melendez v Melendez*, 242 AD2d 918; *Matter of Bush v Bush*, 229 AD2d 918), the court erred in granting the petition. We remit the matter to Cayuga County Family Court to consider the merits of the mother's cross petition to modify the visitation schedule. (Appeal from Order of Cayuga County Family Court, Corning, J.—Custody.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.