■ B&W HEAT TREATING Co., INC., Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent. [803 NYS2d 870]—

Appeal from an order of the Supreme Court, Niagara County

(Richard C. Kloch, Sr., A.J.), entered July 15, 2004. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's cross motion for summary judgment dismissing the amended complaint. Defendant issued a policy of insurance to plaintiff providing coverage for damage to property "solely caused by water that backs up from a sewer or drain." The endorsements contain a specific exclusion for damage "caused by any flood," and the term "flood" is defined in the policy as "the overflow of surface water, streams or other bodies of water, or their spray, all whether driven by wind or not." "Where[, as here,] the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court" (*Town of Harrison v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 308, 316 [1996]). Affording the unambiguous terms in the policy their plain meaning, as we must (*see id.*), we conclude that defendant established as a matter of law that the policy does not cover the loss herein (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The assertion of plaintiff that the source of the water that caused the flooding was a drain backup does not raise the requisite issue of fact to defeat the cross motion. Although "other factors, such as a clogged drain . . . , may have contributed to the loss[, that] is of no consequence under the language of the policy" (*Casey v General Acc. Ins. Co.*, 178 AD2d 1001, 1002 [1991]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.