# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1189**

**CA 11-01055**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

K.J.D.E. CORP., DOING BUSINESS AS K.J. ELECTRIC,
AND THE RITA JACOBS TRUST, BY KENNETH JACOBS,
TRUSTEE, PLAINTIFFS-RESPONDENTS,

                    V                         MEMORANDUM AND ORDER

THE HARTFORD FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(APPEAL NO. 1.)

---

GOLDBERG SEGALLA LLP, BUFFALO (DANIEL W. GERBER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

RICHARD P. PLOCHOCKI, SYRACUSE, FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (James P. Murphy, J.), entered July 16, 2010. The
judgment, inter alia, granted the cross motion of plaintiffs for
partial summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the cross motion is
denied and the declaration is vacated.

Memorandum: In appeal No. 1, The Hartford Fire Insurance Company
(defendant) appeals from a judgment granting plaintiffs' cross motion
for partial summary judgment on the fourth cause of action, for breach
of the insurance policy in question, and the fifth cause of action,
seeking a declaration that plaintiffs' losses are covered losses under
the insurance policy in question. In appeal No. 2, defendant appeals
from an order that, inter alia, denied those parts of its motion for
summary judgment dismissing the fourth and fifth causes of action. We
note that, although defendant purports to appeal "from each and every
part" of the order in appeal No. 2, it is not aggrieved by those parts
of the order granting its motion in part and thus may not appeal
therefrom (*see* CPLR 5511). We reverse the judgment in appeal No. 1
and the order insofar as appealed from in appeal No. 2.

Plaintiffs K.J.D.E Corp., doing business as K.J. Electric, and
the Rita Jacobs Trust, by Kenneth Jacobs, Trustee, were the lessee and
owner, respectively, of a parcel of property located in Binghamton,
New York. During a storm in 2006, almost seven inches of rain fell in
Binghamton, and the property flooded. Shortly after the storm,

plaintiffs submitted a claim to defendant for damages caused by the flooding.  Defendant investigated the claim and concluded that the flooding was caused by a creek that overflowed as the result of heavy rains and road culverts that were blocked by a build up of debris. Defendant sent plaintiffs a letter disclaiming coverage because the damage to the property was caused by a flood and thus the damage fell within the flood exclusion clause of the policy.

Plaintiffs commenced this action seeking, inter alia, damages based on defendant's alleged breach of the insurance policy and a declaration that their losses were covered under the policy. Addressing first appeal No. 2, we conclude that defendant met its initial burden on the motion by establishing that the damage to plaintiffs' property was caused by flooding (*see B&W Heat Treating Co., Inc. v Hartford Fire Ins. Co.*, 23 AD3d 1102; *Casey v General Acc. Ins. Co.*, 178 AD2d 1001, 1002).  "Flood" is defined in the policy, in relevant part, as "[s]urface water . . . or overflow of any natural or man[-]made body of water from its boundaries . . . ."  Here, plaintiffs' assertion that the source of the water that caused the flooding was a clogged culvert "does not raise the requisite issue of fact to defeat the . . . motion" (*B&W Heat Treating Co., Inc.*, 23 AD3d at 1103).  We reject plaintiffs' contention that the terms of the flood exclusion clause contained in the policy are ambiguous (*see generally Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122, 126).  We also reject plaintiffs' contention that defendant failed to submit proof in admissible form to support its motion.  Even assuming, arguendo, that the documents submitted by defendant in support of the motion did not qualify as business records pursuant to CPLR 4518 (a), we conclude that the record contains sufficient evidence establishing that the cause of the flooding was heavy rain over a two-day period in the Binghamton area and that the property was damaged by the overflow of surface water.

In light of our determination with respect to appeal No. 2, we conclude in appeal No. 1 that Supreme Court erred in granting plaintiffs' cross motion for partial summary judgment on the fourth and fifth causes of action and in declaring that plaintiffs' losses are covered losses under the insurance policy.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court