# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1446
CAF 10-01248
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JOHN C. MARINO,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

SHERRY L. MARINO, RESPONDENT.
----------------------------------
SONALI R. SUVVARU, ESQ., ATTORNEY
FOR THE CHILD, APPELLANT.

---

SONALI R. SUVVARU, ATTORNEY FOR THE CHILD, CANANDAIGUA, APPELLANT PRO
SE.

---

Appeal from an order of the Family Court, Ontario County (Stephen
D. Aronson, A.J.), entered August 18, 2009. The order, among other
things, awarded petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: The Attorney for the Child appeals from an order
that granted the petition of petitioner father seeking to modify the
parties' prior custody agreement by awarding him sole custody of the
parties' child. We note at the outset that, although Family Court may
alter an existing custody agreement only in the event that there is "a
showing of a change in circumstances [that] reflects a real need for
change to ensure the best interest[s] of the child" (*Matter of Carey v
Windover*, 85 AD3d 1574, 1574, *lv denied* 17 NY3d 710 [internal
quotation marks omitted]), the Attorney for the Child correctly
concedes that there has been such a showing here.

Upon determining that there has been a change in circumstances,
the court must consider whether the requested modification is in the
best interests of the child (*see generally Eschbach v Eschbach*, 56
NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95). In
making that determination, the court must consider all factors that
could impact the best interests of the child, including the existing
custody arrangement, the current home environment, the financial
status of the parties, the ability of each parent to provide for the
child's emotional and intellectual development and the wishes of the
child (*see Eschbach*, 56 NY2d at 172-173; *Fox v Fox*, 177 AD2d 209,
210). No one factor is determinative because the court must review
the totality of the circumstances (*see Eschbach*, 56 NY2d at 174). It
is well settled, however, that " '[a] concerted effort by one parent

to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127; *see Matter of Howden v Keeler*, 85 AD3d 1561).  In addition, " 'a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744; *see Matter of Green v Bontzolakes*, 83 AD3d 1401, *lv denied* 17 NY3d 703).

Based on our review of the record, we conclude that the totality of the circumstances supports the award of custody to the father. There is ample evidence in the record to support the court's conclusion that respondent mother interfered with the father's visitation with the child throughout the pendency of the matter, including after she was warned several times by the court that visitation must occur according to a detailed schedule promulgated by the court.  In addition, the child's treating psychologist and the court-appointed psychologist both testified that a change of custody would be warranted in the event that the parties could not abide by a strict visitation schedule.  Thus, the court properly concluded that awarding custody to the father would be in the best interests of the child.  Contrary to the contention of the Attorney for the Child, the "[c]ourt is, of course, not required to abide by the wishes of a child to the exclusion of other factors in the best interests analysis" (*Matter of Rivera v LaSalle*, 84 AD3d 1436, 1438; *see Fox*, 177 AD2d at 211-212), especially where the evidence supports the court's conclusion that "to follow [the child's] wishes would be tantamount to severing her relationship with her father, and [that] result would not be in [the child's] best interest[s]."

We have considered the remaining contentions of the Attorney for the Child and conclude that they are without merit.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court