# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

30

**CAF 11-01212**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF AMBER MURPHY,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRIAN WELLS, RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

WILLIAM M. BORRILL, NEW HARTFORD (JEFFREY T. LOTTERMOSER, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT.

PAUL SKAVINA, ATTORNEY FOR THE CHILDREN, ROME, FOR BRENNAN W. AND ALEXANDER W.

---

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered April 1, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior custody order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter alia, modified a prior joint custody order entered on the parties' consent (prior order) by awarding primary physical custody of the parties' children to petitioner mother and granting her all decision-making authority with respect to the children's health, education and welfare. The prior order provided that either parent could seek modification of the custody and visitation provisions of that order without first demonstrating a change in circumstances. Despite that provision, the father contends on appeal that the Judicial Hearing Officer (JHO) failed to make the requisite findings regarding a change in circumstances, and that the mother failed to establish that there had been a change in circumstances that would warrant a review of the existing custody arrangement. Even assuming, arguendo, that a showing of changed circumstances must be made notwithstanding the contrary language in the prior order (*see Matter of Schattinger v Schattinger*, 256 AD2d 1209, 1210, *appeal dismissed* 93 NY2d 919), we conclude that the mother established the requisite change in circumstances.

" '[A] change in circumstances may be demonstrated by, *inter alia*, . . . interference with the noncustodial parent's visitation rights and/or telephone access' " (*Goldstein v Goldstein*, 68 AD3d 717,

720), and the record here establishes that the father interfered with the children's telephone communications with the mother. Furthermore, a change in circumstances exists where, as here, the parents' relationship becomes so strained and acrimonious that communication between them is impossible (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984; *Matter of Spiewak v Ackerman*, 88 AD3d 1191, 1192; *Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561). We further conclude that, " '[a]lthough [the JHO] did not specifically state that [he] found a sufficient change in circumstances, . . . the record reveals extensive findings of fact, placed on the record by [the JHO], which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the [prior] order' " (*Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146; *see Matter of Bedard v Baker*, 40 AD3d 1164, 1165).

We have considered the father's remaining contention and conclude that it is without merit.

Entered: February 1, 2013                    Frances E. Cafarell
                                             Clerk of the Court