# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1160

CAF 12-01822

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ROSS BREWER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAWN M. SOLES, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHRISTINE M. VALKENBURGH, ATTORNEY FOR THE CHILD, BATH.

---

Appeal from an order of the Family Court, Steuben County (Timothy K. Mattison, J.H.O.), entered September 17, 2012. The order, inter alia, transferred primary physical placement of the subject child from respondent to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order entered after an evidentiary hearing that, inter alia, transferred primary physical placement of the subject child from the mother to petitioner father. The mother contends that Family Court erred in finding that the father made the requisite showing of a change in circumstances to warrant an inquiry into the best interests of the child. According to the father, however, he was not required to make that showing inasmuch as the prior custody order, entered upon consent of the parties in 2009, provided that all of its provisions "are without prejudice to either party and that all parties may seek modification." Assuming, without deciding, that the father was required to establish a change in circumstances notwithstanding the above-referenced language of the prior custody order (*cf. generally Matter of Murphy v Wells*, 103 AD3d 1092, 1092-1093, *lv denied* 21 NY3d 854; *Matter of Apostolos v Fairservice*, 23 AD3d 720, 722; *Matter of Schattinger v Schattinger*, 256 AD2d 1209, 1210, *appeal dismissed* 93 NY2d 919), we conclude that the court properly determined that he met that burden, thus warranting an inquiry into whether the child's best interests would be served by modifying the existing custody arrangement (*see Matter of Cole v Nofri*, 107 AD3d 1510, 1511-1512; *Matter of O'Connell v O'Connell*, 105 AD3d 1367, 1367).

Since entry of the prior custody order, the child has had to repeat kindergarten and has struggled academically in the first and second grades. According to the child's second grade teacher, the child frequently falls asleep in the classroom and, despite being a year older than most second graders, is not on "grade level" and ranks "towards the bottom" of the class. The teacher further testified that the child appears sullen, sad and withdrawn. Also since entry of the prior custody order, the child has been referred for mental health treatment due to behavior exhibited both at school and at home. Although it is true, as the mother points out, that the child suffered from fatigue and struggled at school when the prior custody order was entered, we conclude that the court properly determined that the child's "downward slide" constituted a change of circumstances sufficient to warrant an inquiry into the child's best interests.

We further conclude that, contrary to the mother's contention, there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award primary physical placement to the father (see *Matter of Marino v Marino*, 90 AD3d 1694, 1695-1696; see also *Matter of Tarant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855). The child has performed poorly at school for four years while living primarily with the mother. The child's teacher and school counselor testified that the child reported that he stayed up late watching television, which they attributed as a cause of the child's fatigue. Indeed, the teacher testified that the child sometimes fell asleep in class or was required to go to the school nurse's office to nap. Although the mother had removed the television from the child's room at the suggestion of the counselor, the child reported to the counselor that the television was again in his room. We note that the mother is unemployed and must rely on others for transportation. The father, in contrast, is gainfully employed and is able to provide a more stable home for the child. According to the child's teacher, the child was more alert and less sullen following weekend visitation with the father. We further note that the Attorney for the Child supported the father's modification petition and now contends that the order should be affirmed. Under the circumstances, and considering that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (*Marino*, 90 AD3d at 1695), we perceive no basis upon which to set aside the court's award of primary physical placement of the child to the father.

Finally, the mother is not aggrieved by the court's implicit denial of two violation petitions filed by the father and thus may not raise contentions on appeal with respect thereto (see *Johnson v Johnson*, 68 AD3d 1685, 1686; see generally CPLR 5511; *K.J.D.E. Corp. v Hartford Fire Ins. Co.*, 89 AD3d 1531, 1532).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court