# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

176
CAF 14-01177
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF JEREMY SALETTA,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JESSICA LYNN VECERE, RESPONDENT-APPELLANT.

------------------------------------------

IN THE MATTER OF JESSICA LYNN VECERE,
PETITIONER-APPELLANT,

V

JEREMY SALETTA, RESPONDENT-RESPONDENT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

MARK LEWIS, CHEEKTOWAGA, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

JENNIFER PAULINO, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered May 29, 2014 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded Jeremy Saletta custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order awarding custody of the subject child to petitioner-respondent father. We reject the mother's contention that Family Court committed reversible error in referencing during its bench decision its own out-of-court observations of the mother. Although we agree with the mother that such references constituted error (*see Silberman v Antar*, 236 AD2d 385, 385), we conclude that the error is harmless because the "decision is fully supported by facts within the record" (*Matter of Treider v Lamora*, 44 AD3d 1241, 1243, *lv denied* 9 NY3d 817; *see Matter of Kayla J. [Michael J.]*, 74 AD3d 1665, 1668; *see also Matter of Nicole VV.*, 296 AD2d 608, 613, *lv denied* 98 NY2d 616). Contrary to the mother's further contention, we conclude that the court's decision properly set forth the grounds for its determination (*see Matter of*

*Jose L.I.*, 46 NY2d 1024, 1025-1026; *Matter of Zarhianna K. [Frank K.]*, 133 AD3d 1368, 1369; *cf. Matter of Rocco v Rocco*, 78 AD3d 1670, 1671).

We further conclude that the court's determination to award custody of the subject child to the father is supported by a sound and substantial basis in the record. It is well settled that " '[a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127; *see Matter of Viscuso v Viscuso*, 129 AD3d 1679, 1681). Here, there is a sound and substantial basis in the record for the court's conclusion that the mother interfered with the father's relationship with the child by, inter alia, denying the father access to the child.

The mother further contends that the court erred in admitting in evidence status update reports relating to the father's completion of a court-ordered drug and alcohol evaluation. While we agree with the mother that those reports were improperly admitted in evidence inasmuch as "there was no indication that the records were certified to comply with CPLR 4518 pursuant to CPLR 3122-a" (*Sheridan v Sheridan*, 129 AD3d 1567, 1567), we nonetheless conclude that the error was harmless "because the record otherwise contains ample admissible evidence to support the court's determination" (*Matter of Matthews v Matthews*, 72 AD3d 1631, 1632, *lv denied* 15 NY3d 704).

Lastly, the mother's contention that the father failed to establish the paternity of the child is raised for the first time on appeal, and therefore, that contention is not properly before us (*see Matter of Voorhees v Talerico*, 128 AD3d 1466, 1467, *lv denied* 25 NY3d 915).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court