# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**752**
**CA 15-01359**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

TAMRA J. WERNER, FORMERLY KNOWN AS TAMRA J. KENNEY,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KRAIG H. KENNEY, DEFENDANT-RESPONDENT.

---

INCLIMA LAW FIRM, PLLC, ROCHESTER (CHARLES P. INCLIMA OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

JOAN de R. O'BYRNE, ROCHESTER, FOR DEFENDANT-RESPONDENT.

PAUL B. WATKINS, ATTORNEY FOR THE CHILD, FAIRPORT.

---

Appeal from an order of the Supreme Court, Ontario County
(William F. Kocher, A.J.), entered December 23, 2014. The order,
among other things, awarded defendant sole custody of the parties'
child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this post-divorce modification and enforcement
action, plaintiff mother appeals from an order that modified the
judgment of divorce, which incorporated the custody provisions of the
parties' Separation and Property Settlement and "Opting Out"
Agreement, by awarding sole custody of the parties' child to defendant
father, with visitation to the mother. We affirm. Contrary to the
mother's contention, we conclude that the father met his burden of
establishing a change in circumstances " 'since the time of the
stipulation' " sufficient to warrant an inquiry into whether a change
in custody is in the child's best interests (*Matter of Maracle v
Deschamps*, 124 AD3d 1392, 1392; *see Matter of Tuttle v Tuttle*, 137
AD3d 1725, 1725). Here, the record supports Supreme Court's
determination that the continued deterioration of the parties'
relationship and their inability to coparent constitutes the requisite
change in circumstances (*see Matter of York v Zullich*, 89 AD3d 1447,
1448; *Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561).

Contrary to the mother's further contention, we conclude that the
court's decision properly set forth the grounds for its determination
and that the determination is supported by a sound and substantial
basis in the record (*see Matter of Saletta v Vecere*, 137 AD3d 1685,
1686). "It is well settled . . . that [a] concerted effort by one

parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695 [internal quotation marks omitted]).  Here, the record supports the court's conclusions that the mother interfered with the father's relationship with the child and that her unfounded allegations of domestic violence against the father, some of which were made in the presence of the child, render her unfit to be a custodial parent (*see Matter of Perez v Sepulveda*, 21 AD3d 558, 559).  "Although the court must consider the effects of domestic violence in determining the best interests of the child[ ]," the mother failed to prove her allegations by a preponderance of the evidence (*Matter of Miller v Jantzi*, 118 AD3d 1363, 1363-1364).  We therefore see no reason to disturb the court's custody determination (*see Matter of Lewis R.E. v Deloris A.E.*, 37 AD3d 1092, 1093).

We agree with the mother that the court's delay in making a determination was unreasonable, but reversal or remittal in this case is not required inasmuch as the court's decision is supported by the record (*see Hanway v Hanway*, 208 AD2d 499, 500).

We have considered the mother's remaining contentions and conclude that they are without merit.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court