Matter of Drajem v Carr (2018 NY Slip Op 01745)





Matter of Drajem v Carr


2018 NY Slip Op 01745


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


228 CAF 17-00088

[*1]IN THE MATTER OF JAMES DRAJEM, PETITIONER-RESPONDENT,
v
SARAH CARR, RESPONDENT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR RESPONDENT-APPELLANT.
ALVIN M. GREENE, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered December 12, 2016 in a proceeding pursuant to Family Court Act article 6. The order modified a prior joint custody order by awarding petitioner sole legal and physical custody of the subject child, with visitation to respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that modified a prior joint custody order by awarding petitioner father sole legal and physical custody of the subject child, with visitation to the mother. Initially, we note that the mother does not dispute that the continued deterioration of the parties' relationship and their inability to coparent constitutes a significant change in circumstances warranting an inquiry into whether a change in custody is in the child's best interests (see Werner v Kenney, 142 AD3d 1351, 1351 [4th Dept 2016]; Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]).
"[A] court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1449 [4th Dept 2007] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]). Here, we conclude, contrary to the contention of the mother, that Family Court properly considered the appropriate factors in making its custody determination, and the record supports the court's conclusion that awarding sole custody to the father is in the child's best interests (see Werner, 142 AD3d at
1352; Ladd, 136 AD3d at 1392-1393).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court