Matter of Noble v Gigon (2018 NY Slip Op 06678)





Matter of Noble v Gigon


2018 NY Slip Op 06678


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1056 CAF 16-01852

[*1]IN THE MATTER OF DARCY W. NOBLE, PETITIONER-RESPONDENT,
v
MABELENE E. GIGON, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT J. GALLAMORE, OSWEGO, FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered July 12, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking, inter alia, to modify a prior custody order by granting him sole custody of the subject children and reducing the visitation afforded to respondent mother. The mother appeals from an order that, inter alia, reduced her visitation and awarded the father primary physical custody of the subject children.
Contrary to the mother's contention, it is well settled that "the continued deterioration of the parties' relationship is a significant change in circumstances justifying a change in custody" and visitation (Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [3d Dept 1999], lv denied 94 NY2d 790 [1999]; see Werner v Kenney, 142 AD3d 1351, 1351 [4th Dept 2016]), and we agree with Family Court's determination that such a further deterioration occurred here after the entry of the prior order. Contrary to the mother's next contention, there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award primary physical custody to the father and to reduce the mother's visitation (see Matter of Brewer v Soles, 111 AD3d 1403, 1404 [4th Dept 2013]; see generally Matter of Macri v Brown, 133 AD3d 1333, 1334 [4th Dept 2015]). In determining whether modification of a custody arrangement is in the children's best interests, a court must consider all the "factors that could impact the best interests of the child[ren], including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child[ren]'s emotional and intellectual development and the wishes of the child[ren]" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). Furthermore, "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Marino, 90 AD3d at 1695 [internal quotation marks omitted]). Here, upon reviewing the relevant factors, we perceive no basis upon which to set aside the court's award of primary physical custody of the children to the father or its reduction in the general award of parenting time to the mother. We have considered the mother's remaining contention and conclude that it does not require a different result.
Finally, we note that the Attorney for the Children did not appeal from the order and thus, to the extent that her brief raises contentions not raised by the mother, those contentions have not [*2]been considered (see Matter of Jayden B. [Erica R.], 91 AD3d 1344, 1345 [4th Dept 2012]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court