Matter of McGee v McGee (2020 NY Slip Op 00946)





Matter of McGee v McGee


2020 NY Slip Op 00946


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


153 CAF 18-02044

[*1]IN THE MATTER OF SHANE D. MCGEE, PETITIONER-RESPONDENT,
v
JENNIFER H. MCGEE, RESPONDENT-APPELLANT. 






BETH A. RATCHFORD, CANANDAIGUA, FOR RESPONDENT-APPELLANT. 
STEPHEN R. WARNER, SODUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered August 10, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order entered after a hearing that, inter alia, modified a prior custody order by awarding the parties joint custody of the subject child with physical custody to petitioner father. Contrary to the mother's contention, we conclude that Family Court properly determined that the father made the requisite showing of a change in circumstances to warrant an inquiry into whether the child's best interests would be served by modifying the existing custody arrangement (see Matter of Brewer v Soles, 111 AD3d 1403, 1403 [4th Dept 2013]). The evidence at the hearing established that, since entry of the prior custody order, which awarded the mother physical custody of the child, the child has had a significant decline in her school grades resulting in her failing three of her classes. In addition, she has had multiple instances of tardiness and unexcused absences from school while residing with the mother. Also since entry of the prior custody order, the child's anxiety and depression had significantly increased, in part as a result of living in the mother's home. Thus, the father established a change in circumstances sufficient to warrant an inquiry into the child's best interests (see Brewer, 111 AD3d at 1403; see generally Matter of Little v Little, 175 AD3d 1070, 1072 [4th Dept 2019]).
We further conclude that, contrary to the mother's contention, there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award physical custody to the father (see Matter of Noble v Gigon, 165 AD3d 1640, 1640-1641 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of Marino v Marino, 90 AD3d 1694, 1695-1696 [4th Dept 2011]). As noted above, while the mother had physical custody, the child performed poorly at school and experienced a significant increase in her anxiety and depression. Also, the mother works six nights a week and the child is alone at the mother's home during those times. The father, in contrast, is able to provide a more stable home for the child. Since the child has been living with the father pursuant to the temporary custody order, the child's school grades have risen significantly. The father has also provided the child with a tutor and transported her to summer school and a part-time job. While the father is at work, his wife is able to be with the child. Under the circumstances, and considering that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Marino, 90 AD3d at 1695 [internal quotation marks omitted]), we perceive no basis upon which to set aside the court's determination. We have considered the mother's remaining contention and conclude that it does not require a different result.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court