Matter of Alwardt v Connolly (2020 NY Slip Op 02574)





Matter of Alwardt v Connolly


2020 NY Slip Op 02574


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


411 CAF 19-00538

[*1]IN THE MATTER OF AARON E. ALWARDT, PETITIONER-APPELLANT,
v
ERIN L. CONNOLLY, RESPONDENT-RESPONDENT.






MARY S. HAJDU, LAKEWOOD, FOR PETITIONER-APPELLANT. 
BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-RESPONDENT.
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 27, 2019 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, denied the amended petition to modify a prior order of custody and visitation and ordered that respondent have primary residential custody of the subject child. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the amended petition is granted, and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father, as limited by his brief, appeals from that part of an order that effectively denied his amended petition seeking to modify a prior order of custody and visitation by awarding him primary residential custody of the subject child. Initially, contrary to the father's contention, Family Court determined that the "father has established a sufficient change of circumstances to warrant a review of the [existing] custody provisions," and therefore he is not aggrieved by that determination (see generally CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]; Matter of Toles v Radle, 172 AD3d 1945, 1946 [4th Dept 2019]). We agree with the father and the Attorney for the Child (AFC), however, that the court erred in denying the amended petition.
It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011] [internal quotation marks omitted]).
" Such deference is not warranted, however, where the custody determination lacks a sound and substantial basis in the record' " (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1449 [4th Dept 2007]). We agree with the father and the AFC that the court's custody determination lacks the requisite sound and substantial basis in the record (see Matter of Gilman v Gilman, 128 AD3d 1387, 1388 [4th Dept 2015]; see generally Fox v Fox, 177 AD2d 209, 211-212 [4th Dept 1992]).
The court here failed to adequately address the "factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child's emotional and intellectual development and the wishes of the child" (Marino, 90 AD3d at 1695). Nevertheless, our authority in custody determinations is as broad as that of Family Court (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]), and "where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child" (Bryan K.B., 43 AD3d at 1450). [*2]Upon our review of the relevant factors (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]; Marino, 90 AD3d at 1695), we conclude that it is in the best interests of the child to award the father primary residential custody.
Here, the only factor that weighs in favor of respondent mother is the existing custody arrangement, which had been in place for a lengthy period of time (see generally Obey v Degling, 37 NY2d 768, 770 [1975]; Gary D.B. v Elizabeth C.B., 281 AD2d 969, 970 [4th Dept 2001]). Although the subject child has a brother at the mother's house, that is not a factor that favors the mother because "both parties have other children, [and thus] an award of [primary residential] custody to either party would necessarily separate the child at issue from some of her siblings" (Matter of Brown v Marr, 23 AD3d 1029, 1030 [4th Dept 2005]).
The remaining factors favor awarding primary residential custody to the father. During the time that the mother had primary residential custody, the child performed poorly at school and experienced a significant increase in her depression (see Matter of McGee v McGee, 180 AD3d 1342, 1343 [4th Dept 2020]). Additionally, due to the mother's work schedule, the child was required to arise before 5:00 a.m. and to thereafter be taken to a relative's house, where the child stayed for two hours before going to school. Also, the mother is admittedly unable to assist the child with school work, or to schedule or attend the child's medical and mental health counseling appointments. The father, in contrast, is able to provide a more stable home for the child and is currently helping the child with those measures.
Furthermore, the child expressed a desire to reside with the father. Although the "[c]ourt is . . . not required to abide by the wishes of a child to the exclusion of other factors in the best interests analysis" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018] [internal quotation marks omitted]), we conclude that "the wishes of the [14]-year-old child are . . . entitled to great weight where, as here, the age and maturity [of the child] would make [her] input particularly meaningful" (Matter of VanDusen v Riggs, 77 AD3d 1355, 1356 [4th Dept 2010] [internal quotation marks omitted]; see Matter of Aronica v Aronica, 151 AD3d 1605, 1606 [4th Dept 2017]). In addition, although the position of the AFC is not determinative, it is a factor to be considered (see Matter of Linda AA. v Robert AA., 174 AD3d 1082, 1083 [3d Dept 2019], lv denied 34 NY3d 904 [2019]; Matter of Lyons v Sepe, 163 AD3d 567, 569 [2d Dept 2018]; Matter of Wright v Dunham, 13 AD3d 1138, 1138 [4th Dept 2004]), and the AFC here has supported the child's wish to live with the father both in Family Court and on appeal.
Consequently, we reverse the order insofar as appealed from, grant the amended petition by awarding the father primary residential custody of the child and visitation to the mother, and we remit the matter to Family Court to fashion an appropriate visitation schedule.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court