Matter of Luce v Buehlman (2023 NY Slip Op 04023)

Matter of Luce v Buehlman

2023 NY Slip Op 04023

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

406 CAF 20-00815

[*1]IN THE MATTER OF FAITH LUCE, PETITIONER-RESPONDENT,
v
JOSEPH BUEHLMAN, SR., RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-RESPONDENT. 
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Donna M. Castiglione, R.), entered May 12, 2020, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted in part the amended petition for modification of a prior order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, among other things, granted in part petitioner mother's amended petition to modify a prior order of custody and visitation by awarding the mother increased visitation.
Where an order of custody and visitation is entered on stipulation, a petitioner seeking to modify the prior order has the "burden of establishing a change in circumstances since the time of the stipulation sufficient to warrant an inquiry into whether a [modification of the prior order] is in the child's best interests" (Werner v Kenney, 142 AD3d 1351, 1351 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Jones v Laird, 119 AD3d 1434, 1434 [4th Dept 2014], lv denied 24 NY3d 908 [2014]). "Upon determining that there has been a change in circumstances, [Family Court] must consider whether the requested modification is in the best interests of the child" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]).
Contrary to the father's contention, the mother established a change in circumstances sufficient to warrant an inquiry into the child's best interests. The mother's testimony at the hearing established that the father had unilaterally arranged for the child's medical appointments to take place during the mother's scheduled visitation, which, in turn, required an adjustment to the visitation schedule, and that the father refused to communicate with her about the child (see generally Werner, 142 AD3d at 1351-1352).
We further conclude the court's determination that increased visitation for the mother is in the child's best interests is supported by a sound and substantial basis in the record (see Matter of Sims v Starkey, 158 AD3d 1077, 1077 [4th Dept 2018], lv denied 31 NY3d 906 [2018]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court