Matter of Jones v Brown (2024 NY Slip Op 02630)

Matter of Jones v Brown

2024 NY Slip Op 02630

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

257 CAF 22-01988

[*1]IN THE MATTER OF CHRISTIAN JONES, PETITIONER-RESPONDENT,
v
LATOYA BROWN, RESPONDENT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered November 30, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, among other things, granted petitioner father's amended petition to modify a prior custody order by, inter alia, awarding the father primary physical custody of the two subject children.
"Where an order of custody and visitation is entered on stipulation, a petitioner seeking to modify the prior order has the burden of establishing a change in circumstances since the time of the stipulation sufficient to warrant an inquiry into whether a [modification of the prior order] is in the child[ren]'s best interests" (Matter of Luce v Buehlman, 218 AD3d 1243, 1243 [4th Dept 2023], lv denied 40 NY3d 908 [2023] [internal quotation marks omitted]). Upon determining that there has been a change in circumstances, Family Court "must consider whether the requested modification is in the best interests of the child[ren]" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]).
Contrary to the mother's contention, the father established a change in circumstances sufficient to warrant an inquiry into the children's best interests. Among other things, the testimony at the hearing established that the relationship between the parties had deteriorated, that the mother's housing situation had changed, and that one of the children had expressed a desire to modify the existing custody arrangement (see generally Matter of Johnson v Johnson [appeal No. 2], 209 AD3d 1314, 1315 [4th Dept 2022]; Matter of Cheney v Cheney, 118 AD3d 1358, 1359 [4th Dept 2014]; Matter of Amy L.M. v Kevin M.M., 31 AD3d 1224, 1225 [4th Dept 2006]).
We likewise reject the mother's contention that the court's modification of the prior custody order is not in the best interests of the children. As an initial matter, although "the record demonstrates that the court weighed the appropriate factors in making its custody determination" (Matter of Hochreiter v Williams, 201 AD3d 1303, 1304 [4th Dept 2022]), the court's order does not, on its face, make a best interests determination. Nevertheless, our authority in custody determinations is as broad as that of Family Court, and " 'where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child[ren]' " (Matter of Alwardt v Connolly, 183 AD3d 1252, 1253 [4th Dept 2020], lv denied 35 NY3d 910 [2020]).
Upon our review of the relevant factors (see generally Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]), we conclude that the modifications to the prior custody order set forth in the order appealed from are in the best interests of the children. Among other things, the record reflects that the original custodial relationship had broken down and the father could provide a more stable home environment, as demonstrated by evidence that the mother temporarily became homeless and that one of the children asked to stay with the father during the mother's parenting time. Further, although both parents appear fit and loving, the father has greater financial stability, and was the only parent willing and able to pay for and drive the children to certain extracurricular activities. Additionally, the desire of the oldest of the two children to modify the prior custody order is " 'entitled to great weight, particularly where . . . [her] age and maturity . . . make [her] input particularly meaningful' " (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court