Matter of Jacobs v Randall (2025 NY Slip Op 03472)

Matter of Jacobs v Randall

2025 NY Slip Op 03472

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

449 CAF 24-01170

[*1]IN THE MATTER OF FRED JACOBS, PETITIONER-APPELLANT,
v
ANNABELLE RANDALL, RESPONDENT-RESPONDENT. 

PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-APPELLANT. 
CHRISTINE G. KRUPA, NEW YORK MILLS, FOR RESPONDENT-RESPONDENT. 
KACIE M. CROUSE, UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Herkimer County (Robert E. Pronteau, R.), dated April 30, 2024, in proceedings pursuant to Family Court Act article 6. The order, inter alia, dismissed the petitions for a modification of custody. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding in January 2023 seeking to modify a custody order entered upon the parties' consent in September 2022 by granting him sole custody. The consent order granted the parties joint custody of their then-three-year-old son, with "primary residential custody" of the child to respondent mother. Following an evidentiary hearing, Family Court dismissed the father's modification petition on the ground that he failed to establish a change of circumstances warranting an inquiry into the best interests of the child, which was consistent with the position taken by the Attorney for the Child. We affirm.
"Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]" (Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Berg v Stoufer-Quinn, 179 AD3d 1544, 1544 [4th Dept 2020]). To warrant an inquiry into whether a change in custody is in the child's best interests, the change in circumstances must be significant (see Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017]).
Here, the father alleged in his modification petition that a sufficient change in circumstances arose from the fact that the child, who wore a diaper, was found to have a rash in his genital area at school on a day that he came from the mother's house. The petition further alleged that the child had been slapped by the mother's daughter, causing red marks on his cheeks. Even assuming, arguendo, that the father established those allegations at the hearing, we agree with the court that the alleged changes in circumstances were not significant enough "to warrant an inquiry into the child's best interests" (Matter of Luce v Buehlman, 218 AD3d 1243, 1244 [4th Dept 2023], lv denied 40 NY3d 908 [2023]).
Additionally, the father did not otherwise establish a change in circumstances. Although the father testified that the child occasionally had dirty hands, fingernails and feet while in the mother's care, the evidence at the hearing further demonstrated that the child's alleged hygiene problems existed before the father agreed to give the mother primary physical custody and thus did not constitute a change in circumstances (see generally Matter of Williams v Reid, 187 AD3d 1593, 1594 [4th Dept 2020]). Finally, while a deterioration of the relationship between parents may constitute a significant change in circumstances (see Matter of Nowlan v Cunningham, 211 [*2]AD3d 1524, 1525 [4th Dept 2022]), we note that the child has by all accounts thrived under the existing custodial arrangement notwithstanding the parties' hostility toward each other, and there is no indication in the record that the relationship is worse than it was before the prior order was entered (see Matter of Brookover v Harris, 217 AD3d 1411, 1412 [4th Dept 2023]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court