■ In the Matter of JON WARD, Respondent, v TRACY WARD, Appellant. (Appeal No. 1.) [933 NYS2d 153]—

Memorandum: In appeal No. 1, respondent mother appeals from an order awarding sole custody of the parties' daughter to petitioner father, with supervised visitation to the mother, in a proceeding pursuant to Family Court Act article 6. In appeal No. 2, the mother appeals from an order denying her motion to reopen and reschedule a "mediated conference" that was held by Family Court after the custody hearing. The purpose of the conference was for the parties to reach an agreement with respect to the mother's visitation rights. When the mother failed to appear, however, the court thereafter entered the order in appeal No. 1, which provided for supervised visitation to the mother.

We note at the outset that, contrary to the mother's contention, the court did not err in transferring temporary custody of the parties' daughter to the father prior to the custody hearing inasmuch as the father demonstrated the necessary exigent circumstances warranting the temporary transfer (*see Matter of Acquard v Acquard*, 244 AD2d 1010 [1997]). In any event, even assuming, arguendo, that the court erred in transferring temporary custody to the father, we conclude that reversal of the order in appeal No. 1 is not required because the court "subsequently conducted the requisite evidentiary hearing, and the record of that hearing fully supports the court's determination following the hearing" (*Matter of Humberstone v Wheaton*, 21 AD3d 1416, 1418 [2005]; *see Matter of Darryl B.W. v Sharon M.W.*, 49 AD3d 1246 [2008]).

We likewise affirm the order in appeal No. 2, because the record of the custody hearing establishes that the court's decision concerning visitation to the mother was based entirely on evidence presented at the custody hearing, at which the mother appeared with counsel and participated. When the mother failed to appear at the "mediated conference" scheduled by the court in appeal No. 2 to enable the parties to mediate the mother's visitation schedule, the court did not hear or consider any new evidence and instead based its visitation decision on the record of the prior custody hearing in appeal No. 1. In any event, we note that the mother's motion in appeal No. 2 purportedly was based on CPLR 5015, yet the mother failed to offer a reasonable excuse for her default in appearing at the "mediated conference." Thus, it cannot be said that the court abused its discretion in denying the mother's motion in appeal No. 2 (*cf. Matter of Troy D.B. v Jefferson County Dept. of Social Servs.*, 42 AD3d 964 [2007]). Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.