# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

672

CAF 12-00645

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TIMOTHY J. DUBIEL,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

STACY L. SCHAEFER, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Onondaga County (Gina M. Glover, R.), entered June 23, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner increased visitation.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph in its entirety, and by directing in the fifth ordering paragraph that respondent, rather than petitioner, shall have parenting time on Labor Day weekend each year and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order that, inter alia, granted petitioner father increased visitation with the parties' two children and, in appeal No. 2, she appeals from an order that, inter alia, awarded petitioners therein, the maternal grandparents (grandparents), visitation with the children. With respect to appeal No. 1, we conclude that, contrary to the mother's contention, the father established a change in circumstances warranting a modification of the access provisions in the parties' separation agreement (*cf. Griffin v Griffin*, 104 AD3d 1270, 1271). " '[A] change in circumstances may be demonstrated by, inter alia, . . . interference with the noncustodial parent's visitation rights and/or telephone access' " (*Goldstein v Goldstein*, 68 AD3d 717, 720), and the record here establishes that the mother interfered with the father's telephone communications with the children.

Contrary to the mother's further contention, we conclude that Family Court properly determined that it was in the children's best interests to increase the father's visitation with them (*see Matter of Swett v Balcom*, 64 AD3d 934, 935-936, *lv denied* 13 NY3d 710; *Matter of Wallace B.O. v Christine R.S.-O.*, 12 AD3d 1057, 1057-1058). We agree with the mother, however, that the court abused its discretion with respect to certain aspects of the revised visitation schedule (*see*

*generally Matter of Mathewson v Sessler*, 94 AD3d 1487, 1489-1490, *lv denied* 19 NY3d 815).  The court abused its discretion in granting the father parenting time "each and every weekday morning that school is in session before school if he is able to exercise such parenting time and ensure that the children are transported to school."  That award, which is contained in the fourth ordering paragraph of the order, is not in the children's best interests because it creates instability for them and is likely to increase tensions between the parents as a result of the almost daily transfer of the children.  We therefore modify the order in appeal No. 1 accordingly.

We further agree with the mother that the remaining provisions of the fourth ordering paragraph are ambiguous, confusing, and unnecessary.  The remainder of that paragraph provides that "[t]he father shall be entitled to arrange for before or after school childcare.  The parents shall share decision-making regarding the minor children; however, if the parents disagree as to a major decision regarding the children's before or after school child-care arrangements or any type of childcare needed, it is ordered that the father's decision shall control in this area."  It is not clear what constitutes a "major decision" with respect to childcare, and we conclude that each parent should be responsible for making childcare arrangements during his or her respective parenting time.  We therefore further modify the order in appeal No. 1 accordingly.

In addition, we agree with the mother that the court abused its discretion in awarding the father both Memorial Day and Labor Day weekends every year.  We therefore further modify the order in appeal No. 1 by directing in the fifth ordering paragraph that the mother, rather than the father, shall have parenting time on Labor Day weekend each year.

With respect to appeal No. 2, the mother conceded at trial that the grandparents had standing to seek visitation pursuant to Domestic Relations Law § 72 (1).  In any event, we conclude that the grandparents established "a prima facie case of standing to seek visitation with the subject child[ren]" inasmuch as they demonstrated "the existence of a sufficient relationship with the child[ren] to warrant the intervention of equity" (*Matter of Gray v Varone*, 101 AD3d 1122, 1123; *see generally Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182-183).  The record establishes that the grandparents regularly visited with the children before the mother ceased permitting such visits.  In addition, the grandmother provided full-time daycare for the children before they reached school-age, took the children to pre-kindergarten, and engaged in activities with them after school, and the grandfather attended the children's school activities.  We agree with the mother, however, that the order awarding visitation to the grandparents should be modified to avoid conflict with the parents' order of custody and visitation.  We therefore modify the order in appeal No. 2 by vacating that part of the first ordering paragraph directing that the grandparents' monthly Sunday visitation take place during the mother's parenting time and inserting in place thereof a direction that the grandparents' monthly visitation occur during the father's parenting time in odd-numbered months and during the mother's

parenting time in even-numbered months.  We conclude that the modification is in the best interests of the children inasmuch as it will prevent any conflict with Mother's day or Father's day and will distribute the grandparents' monthly visitation evenly between the parents.

Finally, we agree with the mother that the court abused its discretion in awarding the grandparents one summer weekend of visitation during the mother's parenting time because it deprived the mother of "significant 'quality time' " with the children (*Cesario v Cesario*, 168 AD2d 911, 911; *see also Chamberlain v Chamberlain*, 24 AD3d 589, 592-593).  The order in appeal No. 1 provides that the parents shall alternate physical custody of the children on a weekly basis from July 1 until August 25, beginning with the father's parenting time.  Thus, the mother receives only three weekends with her children during the summer, one of which must be shared with the grandparents to accommodate their monthly Sunday visitation.  Awarding the grandparents a summer weekend of visitation during the mother's parenting time results in the mother having only one full weekend with the children in the summer and effectively gives the grandparents more weekend time with the children in the summer than the mother, an arrangement that we conclude is not in the children's best interests.  We therefore further modify the order in appeal No. 2 by vacating that part of the first ordering paragraph directing that the grandparents have one summer weekend of visitation during the mother's parenting time.

We have reviewed the mother's remaining contentions and conclude that they are without merit.

Entered:  July 5, 2013                        Frances E. Cafarell
                                              Clerk of the Court