# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**589**

**CAF 13-02118**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PAUL F. GUGINO,
PETITIONER-APPELLANT,

V                                                            MEMORANDUM AND ORDER

DIANA TSVASMAN, RESPONDENT-RESPONDENT.

---

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, JR., OF
COUNSEL), FOR PETITIONER-APPELLANT.

LACY KATZEN LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered March 15, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, ordered that respondent shall continue to have sole custody and primary physical residency of the child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order denying his petition, following a hearing, seeking to modify a prior custody order that granted sole custody of the parties' daughter to respondent mother. It is axiomatic that the party "seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704 [internal quotation marks omitted]; *see Matter of Maher v Maher*, 1 AD3d 987, 988). Family Court did not specifically address whether the father established a change of circumstances; however its determination that the father failed to establish that sole custody should be granted to him, rather than to the mother, "is the product of 'careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis in the record" (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011; *see Fox v Fox*, 177 AD2d 209, 211). We reject the father's contention that the court erred in referencing in its decision information that it obtained in the hearing it conducted two years earlier, inasmuch as a court has the power to take judicial notice of its own prior proceedings (*see Matter of A.R.*, 309 AD2d

1153, 1153).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court