# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1356**
**CAF 13-00852**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DAVID M. MORRISSEY, SR.,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEBRA A. MORRISSEY, RESPONDENT-APPELLANT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered September 20, 2012 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior custody order entered on the consent of the parties by awarding sole custody of the children to petitioner, with visitation to respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that modified a prior custody order entered on the consent of the parties by awarding sole custody of the parties' children to petitioner father, with visitation to the mother, in this proceeding pursuant to Family Court Act article 6. We reject the mother's contention that the father failed to establish a significant change in circumstances. Although Family Court did not expressly identify such a change in circumstances, "our review of the record reveals extensive findings of fact, placed on the record by Family Court, which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order" (*Matter of Drew v Gillin*, 17 AD3d 719, 720; *see Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146).

Contrary to the mother's further contention, there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award sole custody to the father (*see Matter of Tisdale v Anderson,* 100 AD3d 1517, 1517-1518; *see generally Capodiferro v Capodiferro*, 77 AD3d 1449, 1450). We reject the mother's further contention that the court, in making its custody determination, placed undue emphasis on her failure to comply with discovery orders. It is well settled that the failure to comply with a court order is a factor " 'to be considered when determining the relative fitness of the parties and what custody

arrangement is in the child[ren]'s best interests' " (*Barnes v Barnes*, 234 AD2d 959, 959), and the court "is entitled to impose appropriate sanctions for uncooperative parents" (*Matter of Stukes v Ryan*, 289 AD2d 623, 624).  Here, we conclude that the court did not abuse its discretion with respect to the emphasis placed on the mother's noncompliance as a factor in the best interests analysis (*see Barnes*, 234 AD2d at 959), and the discovery sanction imposed did not adversely affect the children's right to have issues affecting their best interests fully explored (*see Stukes*, 289 AD2d at 624; *Matter of Landrigen v Landrigen*, 173 AD2d 1011, 1011-1012).

Finally, we conclude that the court properly transferred temporary custody of the parties' children to the father before conducting the custody hearing "inasmuch as the father demonstrated the necessary exigent circumstances warranting the temporary transfer" (*Matter of Ward v Ward*, 89 AD3d 1518, 1519; *see Matter of Acquard v Acquard*, 244 AD2d 1010, 1010).  In any event, even assuming, arguendo, that the court erred in transferring temporary custody to the father, we conclude that reversal is not required because the court "subsequently conducted the requisite evidentiary hearing, and the record of that hearing fully supports the court's determination following the hearing" (*Matter of Humberstone v Wheaton*, 21 AD3d 1416, 1418; *see Matter of Ward v Ward*, 89 AD3d at 1519).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court