■ In the Matter of ANTHONY ARONICA, Appellant, v ANDREA ARONICA, Respondent. [56 NYS3d 701]—

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered December 11, 2015 in a proceeding pursuant to Family Court Act article 6. The order denied that part of the petition seeking to modify the existing joint custodial arrangement by granting petitioner sole legal and physical custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father contends in this proceeding pursuant to Family Court Act article 6 that Family Court erred in refusing to modify the existing joint custodial arrangement by awarding him sole legal and physical custody of the parties' minor child. We reject that contention. We note at the outset that, although the court did not expressly determine that there was a sufficient change in circumstances to warrant an inquiry into whether the best interests of the child would be served by a change in custody, " 'our review of the record reveals extensive findings of fact, placed on the record by Family Court, which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order' " (*Matter of Morrissey v Morrissey*, 124 AD3d 1367, 1367 [2015], *lv denied* 25 NY3d 902 [2015]).

Contrary to the father's contention, the court properly considered the appropriate factors and determined that it was in the best interests of the child to maintain the existing custody arrangement, while affording the father greater visitation in order to "reflect a more shared and equal custody access arrangement." "The court's determination with respect to the child's best interests 'is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record' " (*Matter of Ladd v Krupp*, 136 AD3d 1391, 1393 [2016]). Although the parties were hostile to each other, they both believed that the child should maintain a good relationship with each parent, and they have endeavored to achieve that goal for the child's benefit. Indeed, the record establishes that "their relationship is not so acrimonious that they are incapable of putting aside their differences . . . [and]

work[ing] together in a cooperative fashion for the good of their child[ ]" (*Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1049 [2003] [internal quotation marks omitted]). Furthermore, we agree with the father and the Attorney for the Child that "the wishes of the 15-year-old child are . . . entitled to great weight where, as here, the 'age and maturity [of the child] would make [her] input particularly meaningful' " (*Matter of VanDusen v Riggs*, 77 AD3d 1355, 1356 [2010]). The court acknowledged that factor, and noted that it was the "only factor that weighed most in favor of" the father. However, the court further stated that, while the child was mature and articulate, she was "somewhat apprehensive" and "she carried a heavy burden of being 'in the middle' of her parents' persistent conflict." "Because the wishes of the child are 'not . . . determinative,' we perceive no error in how the court addressed that factor" (*Sheridan v Sheridan*, 129 AD3d 1567, 1569 [2015]). Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.