■ In the Matter of JESSICA N. AUSTIN, Appellant, v PHILIP W. WRIGHT, Respondent. In the Matter of BONNIE S. LOWERY, Petitioner, v JESSICA N. AUSTIN et al., Respondents. In the Matter of JESSICA N. AUSTIN, Appellant, v PHILIP W. WRIGHT, Respondent. [57 NYS3d 822]—

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), entered September 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order,

among other things, adjudged that the primary placement of the child shall be with respondent Philip W. Wright.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: Petitioner mother appeals from an order that denied her two separate petitions to modify a prior custody order and granted in part respondent father's cross petition to modify the prior custody order by awarding the father primary placement of the parties' child. "It is well established that alteration of an established custody arrangement will be ordered *only* upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995] [emphasis added]; *see Matter of McClinton v Kirkman*, 132 AD3d 1245, 1245-1246 [2015]). Here, although Family Court determined that the mother had "failed to show the existence of a change of circumstances that require[d] or justifie[d] a change in custody," the court did not make an express finding whether the father, in support of his cross petition to modify custody, established that there had been the requisite change in circumstances in the 10 months since entry of the prior order.

We decline to exercise our power " 'to independently review the record' to ascertain whether the requisite change in circumstances existed" (*Matter of Curry v Reese*, 145 AD3d 1475, 1475 [2016]), inasmuch as it appears from the court's decision that it improperly dispensed with the change in circumstances requirement when it stated that "to dismiss the Petitions herein without a determination of the best interests of the child would be to elevate form over substance." It is thus not clear on this record what the court would have found had it actually addressed the issue. We therefore hold the case, reserve decision and remit the matter to Family Court to make that determination. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.