Matter of Daclin-Goyatton v Cousins (2019 NY Slip Op 04163)





Matter of Daclin-Goyatton v Cousins


2019 NY Slip Op 04163


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-11067
 (Docket No. V-9829-18/18A)

[*1]In the Matter of Thierry Daclin-Goyatton, respondent,
v
Charlotte Cousins, appellant.


Law Offices of Robert G. Venturo, P.C., Patchogue, NY, for appellant.
Sofia Balile, Brooklyn, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated August 27, 2018. The order, insofar as appealed from, without a hearing, awarded temporary custody of the parties' child to the father with supervised parental access to the mother.
ORDERED that the order is affirmed insofar as appealed from, with costs; and it is further,
ORDERED that the Family Court shall conduct a hearing on the issue of final custody, day-to-day until concluded, and thereafter issue its determination with all convenient speed.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Mendez v Limas, 160 AD3d 866, 867). Custody determinations must be entrusted to the sound discretion of the trial court (see Matter of Jewish Child Care Assn. of N.Y. [Sanders], 5 NY2d 222). As a general rule, custody determinations should be made only after a full evidentiary hearing is conducted (see S.L. v J.R., 27 NY3d 558, 563). However, the general rule is not absolute, as the court's guiding principle is the best interests of the child (see id. at 563). Where undisputed facts are before the court, a hearing is not necessary (see Loggia v Verardo, 167 AD3d 612).
Here, under the circumstances of this case, we agree with the Family Court's determination, made prior to conducting a custody hearing, awarding temporary custody of the parties' child to the father with supervised parental access to the mother. The father demonstrated the necessary exigent circumstances warranting the award (see Matter of Morrissey v Morrissey, 124 AD3d 1367; Matter of Ward v Ward, 89 AD3d 1518).
The mother's remaining contention is without merit.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court