Matter of DeVore v O'Harra-Gardner (2019 NY Slip Op 08022)





Matter of DeVore v O'Harra-Gardner


2019 NY Slip Op 08022


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


848 CAF 18-00611

[*1]IN THE MATTER OF JOSHUA N. DEVORE, PETITIONER-RESPONDENT,
v
DHANAIAH M. O'HARRA-GARDNER, RESPONDENT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered March 26, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that modified the parties' prior order of custody and visitation by, inter alia, granting petitioner father custody of the subject child. We affirm.
Initially, we reject the mother's contention that Family Court erred in denying her motion to dismiss the petition, which was made following the close of the father's proof (see generally Matter of William EE. v Christy FF., 151 AD3d 1196, 1197 [3d Dept 2017]). The father presented evidence during his case-in-chief that the mother failed to follow the visitation provisions of the court's order and that she had frustrated his telephonic access to the child. We conclude that this evidence, viewed in the light most favorable to the father, demonstrated a change in circumstances that, if established, would warrant an inquiry into whether modification of the order would be in the child's best interests, and thus the court properly denied the motion (see id.; Matter of Dubiel v Schaefer, 108 AD3d 1093, 1093-1094 [4th Dept 2013]).
We agree with the mother that the court failed to satisfy its obligation to make an express finding whether the father, in support of his petition to modify the prior custody and visitation order, established the requisite change in circumstances before it analyzed whether an order granting custody to the father was in the child's best interests. We remind the court that "alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (Matter of Irwin v Neyland, 213 AD2d 773, 773 [3d Dept 1995] [emphasis added]; see Matter of Austin v Wright, 151 AD3d 1861, 1862 [4th Dept 2017]; Matter of McClinton v Kirkman, 132 AD3d 1245, 1245-1246 [4th Dept 2015]).
Although the court did not expressly determine that there was a sufficient change in circumstances to warrant an inquiry into whether the best interests of the child would be served by a change in custody, this Court may " independently review the record' to ascertain whether the requisite change in circumstances existed" (Matter of Curry v Reese, 145 AD3d 1475, 1475 [4th Dept 2016]). Our review of the record reveals "extensive findings of fact, placed on the record by [the court], which demonstrate unequivocally that a significant change in circumstances occurred since the entry of the consent custody order" (Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Morrissey v Morrissey, 124 AD3d 1367, 1367 [4th Dept 2015], lv denied 25 NY3d 902 [2015]). Specifically, we note evidence in the record that the child was performing poorly in [*2]school, that his attendance there was flagging, and that the mother was alienating the child from the father (see Matter of Brewer v Soles, 111 AD3d 1403, 1403-1404 [4th Dept 2013]; Dubiel, 108 AD3d at 1093-1094).
We further conclude that, contrary to the mother's contention, the court did not err in awarding custody of the subject child to the father. It is well settled that "a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Nevin H. [Stephanie H.] [appeal No. 1], 164 AD3d 1090, 1093 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008]), i.e., it is not "supported by a sound and substantial basis in the record" (Krug, 55 AD3d at 1374 [internal quotation marks omitted]). Here, we see no basis to disturb the court's credibility assessment and factual findings, and we conclude that its custody determination is supported by a sound and substantial basis in the record.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court