Matter of Hermann v Williams (2020 NY Slip Op 00787)





Matter of Hermann v Williams


2020 NY Slip Op 00787


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1290 CAF 18-01626

[*1]IN THE MATTER OF NICHOLAS B. HERMANN, PETITIONER-RESPONDENT,
v
LATESSA WILLIAMS, RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
BRIAN P. DEGNAN, BATAVIA, FOR PETITIONER-RESPONDENT.
DEBORAH J. SCINTA, ORCHARD PARK, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered August 7, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted petitioner father's petition to modify a prior order of custody by granting him sole custody of the subject child. Contrary to the mother's contention, Family Court's determination that the father established a change in circumstances has a sound and substantial basis in the record (see Matter of Hill v Trojnor, 137 AD3d 1671, 1672 [4th Dept 2016]). The testimony at the hearing established that there were incidents of domestic violence in the mother's household (see Matter of Schieble v Swantek, 129 AD3d 1656, 1657 [4th Dept 2015]; Matter of Pecore v Blodgett, 111 AD3d 1405, 1405-1406 [4th Dept 2013], lv denied 22 NY3d 864 [2014]) and that the mother had several changes of residence (see Matter of Greene v Kranock, 160 AD3d 1476, 1476 [4th Dept 2018]). Contrary to the mother's further contention, the court's determination that it was in the child's best interests for the father to have sole custody is supported by a sound and substantial basis in the record (see Matter of Mauro v Costello, 162 AD3d 1475, 1475 [4th Dept 2018]; Matter of Chyreck v Swift, 144 AD3d 1517, 1518 [4th Dept 2016]; see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).
We reject the mother's contention that the court erred in relying on prior litigation between the parties in concluding that the mother was unable or unwilling to foster a relationship between the child and the father. At the outset of the hearing, upon the father's request and without objection from the mother, the court took judicial notice of the prior orders and proceedings involving the parties, which was proper in any event (see Matter of Gugino v Tsvasman, 118 AD3d 1341, 1342 [4th Dept 2014]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court