Matter of Myers v Myers (2021 NY Slip Op 01916)





Matter of Myers v Myers


2021 NY Slip Op 01916


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


308 CAF 19-01626

[*1]IN THE MATTER OF FRANK MYERS, JR., PETITIONER-APPELLANT,
v
SARA MYERS AND ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, RESPONDENTS-RESPONDENTS. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-APPELLANT.
JOELLE E. ROTONDO, EAST SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered August 8, 2019 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order dismissing his petition to modify a prior stipulated order of custody on the ground that he failed to establish a change in circumstances. We agree with the father that Family Court's determination lacks a sound and substantial basis in the record (see generally Matter of Hermann v Williams, 179 AD3d 1545, 1545 [4th Dept 2020]). "A party seeking to modify an existing custody arrangement must demonstrate a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the children" (Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]; see Matter of Guillermo v Agramonte, 137 AD3d 1767, 1768 [4th Dept 2016]; Matter of Foster v Foster, 128 AD3d 1381, 1381 [4th Dept 2015], lv denied 26 NY3d 901 [2015]). In seeking to modify the stipulated custody order, the father was required to show "a change in circumstances 'since the time of the stipulation' " (Matter of Maracle v Deschamps, 124 AD3d 1392, 1392 [4th Dept 2015]). Here, the father and respondent mother entered into the stipulated order shortly after the child's fifth birthday, before she would have entered kindergarten. At the hearing on the petition, the court received the child's third-grade school attendance records in evidence. Although we cannot discern the precise number of absences from our review of the appellate record, the court expressed that it was "concerned" with the number of absences up to that point in the school year, of which there were approximately 30. Thus, we conclude that the father established a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child because the child's school records demonstrate that she had excessive school absences in the third grade (cf. Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1009 [3d Dept 2018]; Matter of Paul T. v Ann-Marie T., 75 AD3d 788, 790 [3d Dept 2010], lv denied 15 NY3d 713 [2010]; Matter of Sullivan v Sullivan, 40 AD3d 865, 866 [2d Dept 2007]). Therefore, we reverse the order, reinstate the petition, and remit the matter to Family Court for a hearing on the best interests of the child (see Matter of Gelling v McNabb, 126 AD3d 1487, 1488 [4th Dept 2015]; see generally Fox v Fox, 177 AD2d 209, 211-212 [4th Dept 1992]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court