Matter of Dickes v Johnston (2023 NY Slip Op 00572)

Matter of Dickes v Johnston

2023 NY Slip Op 00572

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

921 CAF 21-01489

[*1]IN THE MATTER OF TODD E. DICKES, PETITIONER-RESPONDENT-RESPONDENT,
v
NICOLE L. JOHNSTON, RESPONDENT-PETITIONER-APPELLANT. MAUREEN POLEN, ESQ., ATTONEY FOR THE CHILD, APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
MAUREEN POLEN, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 

 Appeals from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered September 15, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that the parties shall continue to share joint custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, effectively granted in part petitioner-respondent father's supplemental petition seeking to modify a prior custody order by increasing his parenting time with the subject child.
The mother and the AFC contend that the father failed to establish a change in circumstances sufficient to warrant an inquiry into whether a modification of the prior custody order is in the best interests of the child. The mother, however, waived that contention "inasmuch as [she] alleged in her own . . . petition[] that there had been such a change in circumstances" (Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1492 [4th Dept 2021] [internal quotation marks omitted]). In any event, while we agree with the mother and the AFC that Family Court did not expressly determine that there was a sufficient change in circumstances, this Court may "independently review the record to ascertain whether the requisite change in circumstances existed" (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1265 [4th Dept 2019] [internal quotation marks omitted]). Contrary to the contention of the mother and the AFC, our review of the record reveals "extensive findings of fact, placed on the record by [the court]," which demonstrate that a change in circumstances occurred since the entry of the prior custody order (Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017] [internal quotation marks omitted]). Specifically, affording great weight to the court's assessment of the credibility of the witnesses (see Matter of Paliani v Selapack, 178 AD3d 1425, 1426 [4th Dept 2019], lv denied 35 NY3d 905 [2020]), we conclude that the father established that the mother had a pattern of violating the prior custody order (see Matter of Moreno v Elliott, 170 AD3d 1610, 1611 [4th Dept 2019]; Matter of Green v Bontzolakes, 111 AD3d 1282, 1283-1284 [4th Dept 2013]), and "the evidence that the mother was interfering with the father's visitation with the child[ ] was sufficient to establish the requisite change in circumstances" (Matter of Amrane v Belkhir, 141 AD3d 1074, 1075 [4th Dept 2016]; see Matter of Murphy v Wells, 103 AD3d 1092, 1093 [4th Dept 2013], lv denied 21 NY3d 854 [2013]).
Contrary to the further contention of the mother and the AFC, we conclude that a sound and substantial basis exists in the record to support the court's determination that it is in the best interests of the child to increase the father's parenting time (see generally Moreno, 170 AD3d at 1611). Although it is true that "an award of custody must be based on the best interests of the child[ ] and not a desire to punish a recalcitrant parent" (Verity v Verity, 107 AD2d 1082, 1084 [4th Dept 1985], affd 65 NY2d 1002 [1985]), the modification here does not reflect a punishment for the mother's violations of the prior custody order or a reward for the father's compliance, but rather constitutes a rebalancing of parenting time in the best interests of the child.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court