Matter of Collichio v Bishop (2023 NY Slip Op 06618)

Matter of Collichio v Bishop

2023 NY Slip Op 06618

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

799 CAF 22-01265

[*1]IN THE MATTER OF ANTHONY L. COLLICHIO, PETITIONER-APPELLANT,
v
LAURA A. BISHOP, RESPONDENT-RESPONDENT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-RESPONDENT. 
CHARLES PLOVANICH, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered June 17, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied petitioner's request for expanded visitation and scheduled supervised visitation for petitioner with respect to the subject child. 
It is hereby ORDERED that the appeal from the order insofar as it directs that petitioner's visitation be supervised is unanimously dismissed and the case is held, the decision is reserved and the matter is remitted to Family Court, Orleans County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior order of custody and visitation pursuant to which the father was granted three hours of supervised visitation per week. In his petition, the father sought expanded, unsupervised visitation. Prior to a hearing on the petition, however, the father advised Family Court that he was no longer seeking to have the visitation be unsupervised. The father now appeals from an order that, inter alia, denied the father's request for expanded visitation with the child. Preliminarily, we note that, to the extent that the father challenges that part of the order directing that his visitation be supervised, the appeal must be dismissed (see Matter of Braun v Decicco, 117 AD3d 1453, 1453 [4th Dept 2014], lv dismissed in part & denied in part 24 NY3d 927 [2014]; see generally Matter of Geddes v Montpetit, 15 AD3d 797, 797 [3d Dept 2005], lv dismissed 4 NY3d 869 [2005]; Matter of Cherilyn P., 192 AD2d 1084, 1084 [4th Dept 1993], lv denied 82 NY2d 652 [1993]).
Contrary to the contentions of respondent mother and the attorney for the child, the record does not establish that the father agreed to forgo his request for expanded visitation. However, the court did not make an express determination whether the father established a change in circumstances sufficient to warrant an inquiry into the child's best interests (see Matter of Hendershot v Hendershot, 187 AD3d 1584, 1584-1585 [4th Dept 2020]; Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1265 [4th Dept 2019]). Under the circumstances presented, we decline to exercise our power "to independently review the record to ascertain whether the requisite change in circumstances existed" (Matter of Austin v Wright, 151 AD3d 1861, 1862 [4th Dept 2017]). We therefore hold the case, reserve decision, and remit the matter to Family Court to make that determination and, if a sufficient change in circumstances has been established, for a new hearing on whether modification of the parties' visitation arrangement is in the child's best interests (see id.; see e.g. Matter of Joseph F. v Patricia F., 32 AD3d 938, 939-940 [2d Dept 2006]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court