Matter of Osborne v Tulwits (2024 NY Slip Op 02643)

Matter of Osborne v Tulwits

2024 NY Slip Op 02643

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

340 CAF 23-00156

[*1]IN THE MATTER OF KATTIE M. OSBORNE, PETITIONER-APPELLANT,
v
CHRISTOPHER S. TULWITS, RESPONDENT-RESPONDENT. 

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (DALTON C. VIEIRA OF COUNSEL), FOR PETITIONER-APPELLANT.
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
BRIAN P. DEGNAN, BATAVIA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered December 13, 2022, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended petition, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: In this Family Court Act article 6 proceeding, petitioner mother filed a petition in March 2020 (first petition) to modify a prior stipulated order of custody that granted the parties joint custody of the child who is the subject of this proceeding, with respondent father having primary placement. In her petition, the mother sought primary placement of the child, but no proceedings occurred on that petition. In September 2021, the mother filed another petition (second petition) again seeking primary placement of the child. In August 2022, the mother filed an amended petition seeking sole custody of the child. A trial commenced and, at the conclusion of the mother's proof, the father moved to dismiss the "petition" on the ground that the mother failed to establish a change in circumstances. Family Court granted the motion and dismissed the first and second petitions, thereby implicitly dismissing the amended petition, and the mother now appeals.
" 'A party seeking to modify an existing custody arrangement must demonstrate a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child[ ]' " (Matter of Myers v Myers, 192 AD3d 1681, 1682 [4th Dept 2021]; see Matter of Heinsler v Sero, 177 AD3d 1316, 1316 [4th Dept 2019]; Matter of Cole v Nofri, 107 AD3d 1510, 1511 [4th Dept 2013], appeal dismissed 22 NY3d 1083 [2014]). "Although, as a general rule, the custody determination of the trial court is entitled to great deference (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]), '[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record' " (Cole, 107 AD3d at 1511). In addition, " '[o]ur authority in determinations of custody is as broad as that of Family Court' " (id.).
We conclude that the mother established the requisite change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child and that the court therefore erred in dismissing her amended petition at the close of her proof. The evidence established that the mother was the child's primary caretaker from the child's birth until she was eight years old. The father obtained custody of the child after an incident of domestic violence involving the mother's then-boyfriend. The mother testified that, in the four years since the prior order of custody, she had moved out of the residence that she shared with the ex-[*2]boyfriend and no longer had contact with him, she had attended domestic violence support groups and counseling, and she had secured a new residence (see Heinsler, 177 AD3d at 1316-1317; see also Matter of Austin ZZ. v Aimee A., 191 AD3d 1134, 1135-1136 [3d Dept 2021]). The evidence further established that the father engaged in corporal punishment of the child, which was prohibited by the prior order. Even accepting the father's explanation to the mother that the incident was the result of the child's emotional outburst, we conclude that his reaction supports the mother's position that he was unable to handle the child's outbursts (see Matter of Morales v Vaillant, 187 AD3d 1591, 1591 [4th Dept 2020]; see also Matter of DeJesus v Gonzalez, 136 AD3d 1358, 1359-1360 [4th Dept 2016], lv denied 27 NY3d 906 [2016]). The evidence also established that the father did not ensure that the child continued counseling, despite that direction in the prior order (see Matter of DiPaolo v Avery, 93 AD3d 1240, 1241 [4th Dept 2012]).
We therefore modify the order by denying the motion in part and reinstating the amended petition, and we remit the matter to Family Court for a hearing on the best interests of the child (see Myers, 192 AD3d at 1682-1683; Heinsler, 177 AD3d at 1317).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court