Matter of Olmsted v Olmsted (2026 NY Slip Op 00731)

Matter of Olmsted v Olmsted

2026 NY Slip Op 00731

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

946 CAF 24-00844

[*1]IN THE MATTER OF MATTHEW OLMSTED, PETITIONER-RESPONDENT-RESPONDENT,
vDESIREE OLMSTED, RESPONDENT-PETITIONER-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.
BRYANNE L. JONES, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Cayuga County (Jon E. Budelmann, A.J.), entered April 22, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued the parties' joint legal custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father and respondent-petitioner mother each filed petitions seeking modification of the parties' custody arrangement, whereby the parties had joint legal custody of the subject child and the mother had residential custody of the child. The mother appeals from an order that, inter alia, continued joint legal custody and granted the father increased visitation. We reject the mother's contention that Family Court erred in relying on facts outside the record in making its determination. It is well settled that "a court has the power to take judicial notice of its own prior proceedings" (Matter of Gugino v Tsvasman, 118 AD3d 1341, 1342 [4th Dept 2014]; see Matter of Amyn C. [Chelsea K.], 144 AD3d 1690, 1690 [4th Dept 2016]; see also Matter of Hermann v Williams, 179 AD3d 1545, 1546 [4th Dept 2020]). The record does not support the mother's contention that the court relied on allegations in prior petitions that were withdrawn in making its determination.
Contrary to the mother's further contentions, the court's determination that the parties would have joint decision-making regarding the child's medical and health issues is supported by a sound and substantial basis in the record (see generally Matter of Dickes v Johnston, 213 AD3d 1247, 1248-1249 [4th Dept 2023], lv denied 39 NY3d 913 [2023]), and the court gave the appropriate weight to the child's wishes (see generally Matter of Krier v Krier, 178 AD3d 1372, 1373 [4th Dept 2019]; Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]).
We agree with the mother that the court improperly disclosed information obtained from the Lincoln hearing. We must "remind the court that the disclosure of any statement made by a child during a confidential Lincoln hearing is improper, regardless of how innocuous that statement may appear to be" (Kaleta v Kaleta, 225 AD3d 1293, 1295 [4th Dept 2024]). We conclude, however, that the error does not justify disturbing an otherwise valid determination (see generally Matter of Carter v Work, 100 AD3d 1557, 1558 [4th Dept 2012]; Matter of Rivera v LaSalle, 84 AD3d 1436, 1437 [3d Dept 2011]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court