Matter of Hoover v Ester

2026 NY Slip Op 02549

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF KRISTA H. HOOVER, PETITIONER-APPELLANT,

v

PATRICK W. ESTER, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

224 CAF 25-00238

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

ANDREW J. DIPASQUALE, ROCHESTER, FOR PETITIONER-APPELLANT.

BRYANNE L. JONES, ROCHESTER, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), dated January 8, 2025, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother filed a petition seeking to modify a visitation order entered upon the parties' consent that granted the parties joint custody of their two children, with primary placement of the children with respondent father. The consent order also provided the mother with supervised agency visitation, once per month, subject to agency availability and the wishes and schedules of the children. Additionally, the mother would have "further supervised visitation as agreed and arranged between the parties." The mother appeals from an order, following an evidentiary hearing, that dismissed the mother's petition.

"Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ren]" (Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Berg v Stoufer-Quinn, 179 AD3d 1544, 1544-1545 [4th Dept 2020]). To warrant an inquiry into whether a change in custody is in the child's best interests, the change in circumstances must be significant (see Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017]). "Upon determining that there has been a change in circumstances, [Family Court] must consider whether the requested modification is in the best interests of the child[ren]" (Matter of Luce v Buehlman, 218 AD3d 1243, 1243 [4th Dept 2023], lv denied 40 NY3d 908 [2023] [internal quotation marks omitted]).

Here, notwithstanding Family Court's failure to make an express finding relative to the change in circumstances alleged by the mother in her petition, "we have the authority to review the record to ascertain whether the requisite change in circumstances existed" (Matter of William F.G. v Lisa M.B., 169 AD3d 1428, 1429 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Dickes v Johnston, 213 AD3d 1247, 1248 [4th Dept 2023], lv denied 39 NY3d 913 [2023]).

We conclude, contrary to the mother's contention, that evidence of her sustained sobriety is not adequate to establish a change in circumstances inasmuch as that circumstance existed at the time of the parties' consent order (see William F.G., 169 AD3d at 1429). We nonetheless agree with the mother that the court erred in dismissing the petition inasmuch as the mother established a change in circumstances by testifying that, almost immediately after the parties entered into the consent order, the agency indicated that there was an indefinite wait list for supervised visitation, which made such visitation improbable, and the father indicated that the [*2]mother would not be granted any visitation pursuant to the "as agreed and arranged" provision of the consent order (see Matter of Gelling v McNabb, 126 AD3d 1487, 1487-1488 [4th Dept 2015]; Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept 2012]; see generally Matter of Kelley v Fifield, 159 AD3d 1612, 1613-1614 [4th Dept 2018]).

Where the record is sufficient to make a best interests determination, this Court "will do so 'in the interests of judicial economy and the well-being of the child[ren]' " (Matter of Cole v Nofri, 107 AD3d 1510, 1512 [4th Dept 2013], appeal dismissed 22 NY3d 1083 [2014]). Here, however, the court dismissed the petition before the father testified or offered any evidence and before the court could conduct a Lincoln hearing, if necessary, and, thus, we do not have an adequate record upon which to make our own determination in the interest of judicial economy (see Matter of Heinsler v Sero, 177 AD3d 1316, 1317 [4th Dept 2019]; Matter of McClinton v Kirkman, 132 AD3d 1245, 1246 [4th Dept 2015]; see generally Matter of Austin v Austin, 254 AD2d 703, 703-704 [4th Dept 1998]). We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for a new hearing to determine whether the modifications sought by the mother in her petition are in the children's best interests.

Finally, the mother failed to preserve her contention that the court was biased against her inasmuch as she failed to make a motion for the court to recuse itself (see Matter of Melish v Rinne, 221 AD3d 1560, 1561 [4th Dept 2023]; Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1756 [4th Dept 2021]), and, in any event, our review of the record does not indicate the existence of any such bias that would

warrant remittal before a different judge (see Melish, 221 AD3d at 1561).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court