Matter of McGuirk v McGuirk
2026 NY Slip Op 03589
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF SHAWN MCGUIRK, PETITIONER-APPELLANT,
v
SARA MCGUIRK, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
473 CAF 25-00891
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RYAN M. BERGMAN OF COUNSEL), FOR RESPONDENT-RESPONDENT.
H. KATHRYN KILMARTIN, SYRACUSE, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Onondaga County (Salvatore A. Pavone, R.), entered May 12, 2025, in a proceeding pursuant to Family Court Act article 6. The order dismissed the amended petition.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner father appeals from an order that dismissed his amended petition seeking modification of a prior order of custody and visitation, at the close of the father's proof, for failure to establish a change in circumstances. We affirm.
Contrary to the father's contention, Family Court did not err in taking judicial notice of the prior family court proceedings between the father and respondent mother. "At the outset of the hearing . . . and without objection from the [father], the court took judicial notice of the prior orders and proceedings involving the parties, which was proper in any event" (Matter of Hermann v Williams, 179 AD3d 1545, 1546 [4th Dept 2020]; see Matter of Gugino v Tsvasman, 118 AD3d 1341, 1342 [4th Dept 2014]).
With respect to the merits, "[i]t is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (Matter of Austin v Wright, 151 AD3d 1861, 1862 [4th Dept 2017] [internal quotation marks omitted]). On appeal, the father contends that he established a change in circumstances because the prior order's requirement that he request visitation with 72 hours' advance notice was hindering his visitation. Even assuming, arguendo, that the father's contention is properly before us, we note that the father conceded at the hearing that the mother had never unreasonably denied him visitation and that he was able to request additional visitation from the mother, but he simply had not done so. Thus, "the record supports the court's determination that [the father] failed to meet [his] burden of establishing a sufficient change in circumstances since the entry of the prior order" (Matter of Graham v Thering, 55 AD3d 1319, 1320 [4th Dept 2008], lv denied 11 NY3d 714 [2008]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court